■ In the Matter of TRISTAN BAIRD, by PAMELA BAIRD, His Mother and Natural Guardian, Respondent, et al., Petitioner, v DORMITORY AUTHORITY OF THE STATE OF NEW YORK, Appellant.—In a proceeding pursuant to General Municipal Law § 50-e (5), for leave to serve a late notice of claim, the Dormitory Authority of the State of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Rader, J.), dated November 17, 1986, as granted that branch of the application which was for leave to serve a late notice with respect to Tristan Baird's claim.

Ordered that the order is reversed insofar as appealed from, on the law, and as a matter of discretion, without costs or disbursements, and that branch of the application which was for leave to serve a late notice with respect to Tristan Baird's claim is denied.

Contrary to the finding of the Supreme Court, Kings County, Tristan Baird has failed to adequately explain the approximate five-year delay in seeking leave to serve a late notice of his claim upon the Dormitory Authority of the State of New York. The record indicates that with reasonable diligence the petitioner's counsel could have readily ascertained that the college campus where the accident occurred was owned by the appellant *(see, Goudie v County of Putnam,* 95 AD2d 823; *Fox v City of New York,* 91 AD2d 624; *Matter of Morris v County of Suffolk,* 88 AD2d 956, *affd* 58 NY2d 767; *Marku v City of New York,* 86 AD2d 601). Nor has Tristan Baird shown that the appellant had actual or constructive knowledge of the essential facts constituting his claim *(see, Braverman v City of White Plains,* 115 AD2d 689; *Matter of Morris v County of Suffolk, supra).* "Were we to find the delay here excusable, precious little of section 50-e of the General Municipal Law would survive in this department" *(Matter of Morris v County of Suffolk, supra,* at 957; *see also, Matter of Katz v Rockville Centre Union Free School Dist.,* 131 AD2d 574). Mollen, P. J., Thompson, Lawrence and Weinstein, JJ., concur.