■ ENVIRONMENTAL COMPLIANCE, INC., Appellant, v WILLIAM FLOYD UNION FREE SCHOOL DISTRICT OF MASTIC-MORICHES-SHIRLEY, Respondent.

According to its complaint, the plaintiff provided certain services to the defendant pursuant to the terms of a "letter agreement, dated August 27, 1987". In its first cause of action, the plaintiff asserts that pursuant to the terms of this agreement, the defendant owes $23,089.24. In its second cause of action, the plaintiff claims that it is entitled to the same amount on the theory of quantum meruit. In its third cause of action, the plaintiff alleges that on September 11, 1987, "an account was stated between the Plaintiff and the Defendant", and that pursuant to this additional legal theory, the plaintiff is entitled to judgment against the defendant in the principal sum of $23,089.24.

The plaintiff's complaint failed to allege that the defendant had been served with a notice of claim within three months of the accrual of these causes of action *(see,* Education Law

§ 3813 [1]). The plaintiff was therefore required to apply to the court for permission to serve a late notice of claim pursuant to Education Law § 3813 (2-a). Pursuant to the explicit terms of this statute, the decision whether to grant such an application is a discretionary one. The Supreme Court did not improvidently exercise its discretion in denying the plaintiff's motion.

In denying the plaintiff's motion, the court noted, first, that the plaintiff offered no valid excuse for its failure to comply with the law and, second, that there was some evidence that the defendant had been prejudiced. We would add to these considerations the fact that the letter allegedly sent by the plaintiff's attorneys to the defendant on January 12, 1988, which referred to a potential claim against the defendant in the sum of only $2,383.24, can scarcely be characterized as fair notice of the essential facts which underlie the present claim for $23,089.24. What is more, the addressee of this letter claims never to have received it. Nor does it appear conclusively from the remaining evidence submitted by the plaintiff that the defendant received actual notice of the essential facts underlying the present claim. Under these circumstances, leave to serve a late notice of claim was properly denied *(see, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 546-549; *Philson Painting Co. v Board of Educ.,* 133 AD2d 619; *cf., Matter of Nyack Bd. of Educ. v Capolino Design & Renovation,* 114 AD2d 849, 850, *affd* 68 NY2d 647). Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.