■ In the Matter of HENRY PIOTROWSKI et al., Appellants, v ONTEORA CENTRAL SCHOOL DISTRICT, Respondent.—Levine, J. Appeal from an order of the Supreme Court (Torraca, J.), entered October 18, 1988 in Ulster County, which denied petitioners' application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

On May 30, 1987 petitioner Henry Piotrowski (hereinafter petitioner), a State Trooper, was on the premises of a school owned by respondent when he allegedly injured himself by falling on a set of stairs. According to petitioner, the accident occurred in the course of a burglary investigation he was conducting and as he was being escorted down a poorly lit hallway by an employee of respondent.

On June 13, 1988 petitioner moved for leave to file a late notice of claim against respondent. In support of his motion, petitioner averred that his delay in filing a notice of claim was due to his mistaken impression that because he was injured while on duty as a Trooper, only workers' compensation benefits were available to him. Petitioner further averred that he had only recently learned of the serious and possibly permanent nature of his injuries. In addition, petitioner argued that respondent had actual notice of the incident since it happened in the presence of one of respondent's employees. Respondent opposed the motion, denying that it had actual knowledge of the facts underlying petitioner's claim and refuting petitioner's contention that the allegedly defective condition of the steps has not changed during the one-year period since the accident. Supreme Court denied the motion and this appeal by petitioner ensued.

There should be an affirmance. Although petitioner avers that one of respondent's employees was present when he tripped on the stairs, he does not state in his affidavit that he informed respondent's employee that he was injured as a result of the fall. This lack of notice to respondent is supported by petitioner's statement that he made no effort to seek legal counsel or to proceed against respondent until "quite recently" when he learned of the severity of his injuries. In addition, the granting of petitioner's motion would have been prejudicial to respondent in light of the very real possibility that the condition of the stairs has changed since the accident. Based on the foregoing, we conclude that it was well within Supreme Court's discretion to deny petitioner's motion for leave to file a late notice of claim (see, Matter of Andrews v Village of Sherburne, 140 AD2d 790, lv denied 72 NY2d 807).

Order affirmed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Mercure, JJ., concur.