■ In the Matter of Bruce Coopersmith, Appellant, v County of Greene, Respondent.—Appeal from an order of the Supreme Court (Cobb, J.), entered September 27, 1990 in Greene County, which denied petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

Petitioner did not move to file a late notice of claim against respondent until almost a year after his accident and it is undisputed that respondent did not have actual notice of the facts of the claim until petitioner made his motion *(see, Matter of Stenowich v Colonie Indus. Dev. Agency,* 151 AD2d 894, *lv denied* 74 NY2d 615). Furthermore, we agree with Supreme Court's conclusion that the reasons given by petitioner for the late filing, that is, that he thought his exclusive remedy was through workers' compensation and that he did not know that respondent owned the premises on which the accident occurred, were insufficient to excuse the delay *(see, Matter of Baird v Dormitory Auth.,* 139 AD2d 577; *Matter of Heather v County of Rensselaer,* 88 AD2d 718). Under the circumstances, we find no abuse of discretion by the court in its denial of petitioner's motion *(see, Matter of Andrews v Village of Sherburne,* 140 AD2d 790, *lv denied* 72 NY2d 807).

Order affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.