■ In the Matter of DANIEL S. HURLEY et al., Appellants, v AVON CENTRAL SCHOOL DISTRICT, Respondent. (Appeal No. 1.) —Order unanimously affirmed without costs. Memorandum: Plaintiffs appeal from an order denying their motion to serve a late notice of claim. Section 3813 of the Education Law provides, in pertinent part, that no action may be maintained against a school district unless a written verified claim upon which the action is founded is presented to the governing body of the district within three months after accrual of the claim. The court, in its discretion, may extend the time to serve a notice of claim upon consideration of several factors, particularly whether the defendant acquired actual knowledge of the essential facts constituting the claim within a reasonable time after the claim accrued. The decision to grant an application is discretionary (see, e.g, Environmental Compliance v Floyd Union Free School Dist., 158 AD2d 663).

The burden of establishing that defendant acquired actual knowledge of the accident within a reasonable time lies with plaintiff *(see, Washington v City of New York,* 72 NY2d 881). Plaintiffs have failed to meet their burden. They have not identified the employee to whom the accident was reported, thus negating their claim that defendant had notice of the accident *(see, Matter of Perry v City of New York,* 133 AD2d 692; *Matter of Raczy v County of Westchester,* 95 AD2d 859). Additionally, plaintiffs have failed to provide a reasonable excuse for their failure to file within the statutory time period. The only excuse offered by plaintiffs is their subjective belief that the matter was controlled by workers' compensation. A party's belief that workers' compensation is an exclusive remedy is insufficient to excuse the delay *(see, Matter of Coopersmith v County of Greene,* 173 AD2d 1080; *Matter of Piotrowski v Onteora Cent. School Dist.,* 161 AD2d 990).

Plaintiffs assert that defendant has failed to show that it was prejudiced by the delay. The purpose of section 3813 is to give a school district prompt notice of claim so that investigation may be made before it is too late for investigation to be efficient *(Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539). Under the circumstances, where there were no eyewitnesses to the accident and no notice to defendant until several months after the statutory time period had expired, "there is a very real danger that changed conditions would prevent an accurate reconstruction of the circumstances existing at the time the accident occurred * * * The * * * contention that the premises remained unchanged does not negate this principle" *(Matter of Perry v City of New York, supra,* at 693). (Appeal from Order of Supreme Court, Livingston County, Cicoria, J.—Late Notice of Claim.) Present—Denman, P. J., Pine, Lawton, Boehm and Davis, JJ.