■ In the Matter of HENRY VITALI et al., Appellants, v CITY OF NEW YORK, Respondent. [613 NYS2d 270] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from a judgment of the Supreme Court, Kings County (Hutcherson, J.), dated September 11, 1992, which denied the application.

Ordered that the judgment is affirmed, with costs.

The court did not act improvidently in denying the petitioners' application for leave to serve a late notice of claim. Not only did the petitioners fail to proffer a satisfactory explanation for the delay in seeking leave to serve a late notice of claim (see, Matter of Piotrowski v Onteora Cent. School Dist., 161 AD2d 990; Matter of Perry v City of New York, 133 AD2d 692), but there is also no evidence that the City had actual knowledge of the petitioners' claim within the time within which they had to serve a notice of claim or within a reasonable time thereafter (see, Matter of Blackwell v City of New York, 156 AD2d 684).

The mere fact that New York City Fire Department and New York Emergency Medical Service personnel were at the scene of the accident is insufficient to impute the requisite knowledge to the City (see, Chattergoon v New York City Hous. Auth., 161 AD2d 141, affd 78 NY2d 958). Moreover, due to the manner in which the alleged accident occurred, it is clear that the changes in the condition of the premises with the passage of time "would prevent an accurate reconstruction of the circumstances existing at the time the accident occurred" (Matter of Perry v City of New York, supra, at 693; see also, Pantelup v City of New York, 176 AD2d 932). Sullivan, J. P., Balletta, Altman and Friedmann, JJ., concur.