■ In the Matter of CARL WRIGHT, Appellant, v CITY OF NEW YORK, Respondent. [619 NYS2d 601] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated March 4, 1993, as, upon granting his motion for reargument and renewal, adhered to the original determination denying his application.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well established that the determination of whether to grant leave to serve a late notice of claim is generally left to the sound discretion of the trial court (see, Raizner v City of New York, 174 AD2d 423; Mazza v City of New York, 112 AD2d 921). We find no basis upon which to disturb the court's denial of the petitioner's application. The petitioner's belief that workers' compensation was his only means of redress has been held to be an insufficient excuse for failure to timely

serve a notice of claim *(see, Matter of Hurley v Avon Cent. School Dist.,* 187 AD2d 982; *Matter of Coopersmith v County of Greene,* 173 AD2d 1080).

Moreover, the transitory nature of the alleged defective condition, as well as the lack of any evidence that the city received knowledge of the essential facts constituting the claim within 90 days of the accident or within a reasonable time thereafter provide further support for denial of the application *(see, Carbone v Town of Brookhaven,* 176 AD2d 778; *Matter of D'Andrea v City of Glen Cove Pub. Schools,* 143 AD2d 747; *Matter of Mallory v City of New York,* 135 AD2d 636).* Balletta, J. P., Ritter, Copertino and Friedmann, JJ., concur.