■ In the Matter of SANDY EADDY, Appellant, v COUNTY OF NASSAU, Respondent. [723 NYS2d 408] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioner appeals from an order of the Supreme Court, Nassau County (McCarty, J.), dated July 11, 2000, which denied the application.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the petitioner's application for leave to file a late notice of claim for the alleged medical malpractice. The petitioner failed to proffer any hospital records or other evidentiary proof sufficient to establish that the respondent acquired actual notice of the essential facts constituting the petitioner's claim within the prescribed 90-day period or a reasonable time thereafter (*see, Matter of Caruso v County of Westchester,* 220 AD2d 746; *Munnerlyn v City of New York,* 203 AD2d 437; *Carroll v City of New York,* 130 AD2d 702). Furthermore, the petitioner's excuse for failing to serve a timely notice of claim, that she did not discover the torn Achilles tendon until 10 months after the initial surgery, cannot be accepted without supporting medical evidence explaining why the injury took so long to become apparent and diagnose (*see, Lefkowitz v City of New York,* 272 AD2d 56; *Matter of Gomez v City of New York,* 250 AD2d 443; *Gaudio v City of New York,* 235 AD2d 228; *Matter of Plantin v New York City Hous. Auth.,* 203 AD2d 579).

The petitioner's contention regarding the application of the continuous treatment doctrine may not be raised for the first time on appeal (*see, Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757, 758). Ritter, J. P., Altman, McGinity, Smith and Cozier, JJ., concur.