In the Matter of ELAINE PADOVANO, Respondent, v MASSAPEQUA UNION FREE SCHOOL DISTRICT, Appellant. [818 NYS2d 274]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, Massapequa Union Free School District appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), dated September 28, 2005, as upon reargument and renewal, vacated its order dated June 7, 2005 denying the petition and dismissing the proceeding, and granted the petition.

Ordered that the order is reversed insofar as appealed from, on the law and as an exercise of discretion, with costs, and upon reargument and renewal, the original determination contained in the order dated June 7, 2005 denying the petition and dismissing the proceeding, is adhered to.

Timely service of a notice of claim is a condition precedent to an action founded on tort and commenced against a school district (see Education Law § 3813 [2]; General Municipal Law § 50-e). In determining whether to permit the service of a late notice of claim, the court generally will consider three factors: (1) whether the petitioner has a reasonable excuse for the failure to serve a timely notice of claim, (2) whether the school district acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) whether the delay would substantially prejudice the school district in its defense (see Williams v Nassau County Med. Ctr., 6 NY3d 531 [2006]; Matter of Conroy v Smithtown Cent. School Dist., 3 AD3d 492, 493 [2004]).

It is undisputed that the petitioner, whose then 14-year-old daughter allegedly injured her left ring finger while participating in a game of flag football at the Ames School, failed to provide any reasonable excuse for the nearly 2½-year delay between the accident and the commencement of the instant proceeding.

Moreover, contrary to the petitioner's contention, the accident report prepared approximately two months after the accident was not sufficiently specific to provide the Massapequa Union Free School District (hereinafter the School District) with actual notice of the essential facts of the claim. Among other things, the report did not identify the other student involved in the incident, did not apprise the School District of the exact nature and extent of the infant's injury, and in any event, failed to provide reasonable notice that an actionable wrong had been committed by the School District (see Matter of Greene v City of Middletown, 5 AD3d 384 [2004]; Matter of Conroy v Smithtown Cent. School Dist., supra; Corrales v Middle Country Cent. School Dist., 307 AD2d 907, 907-908 [2003]; Johnson v Katonah-Lewisboro School Dist., 285 AD2d 490 [2001]; Matter of Baldi v Mt. Sinai School Dist., 254 AD2d 414 [1998]).

Nor can the School District be faulted for failing to investigate the incident immediately after its occurrence, since all parties concerned—including the infant, her mother, and the school nurse—initially believed the injury to be minor (compare Matter of Rusiecki v Clarkstown Cent. School Dist., 227 AD2d 493 [1996], with Matter of Bird v Port Byron Cent. School Dist., 231 AD2d 916 [1996]).

Finally, the petitioner failed to establish that the School District would not be substantially prejudiced in maintaining its defense on the merits as a result of the lengthy and unexcused delay in moving for leave to serve a late notice of claim (see

*Matter of Flores v County of Nassau,* 8 AD3d 377, 378 [2004]; *Igneri v New York City Bd. of Educ.,* 303 AD2d 635, 635-636 [2003]).

Accordingly, upon renewal and reargument, the Supreme Court should have adhered to its original determination denying the petition and dismissing the proceeding. Ritter, J.P., Krausman, Lifson and Lunn, JJ., concur.