■ In the Matter of BERNARD JAMES, Appellant, v CITY OF NEW YORK DEPARTMENT OF ENVIRONMENTAL PROTECTION, Respondent. [830 NYS2d 593]—

In a proceeding pursuant to General Municipal Law § 50-e (5), the petitioner appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated March 29, 2006, which denied his application for leave to serve a late notice of claim.

Ordered that the order is affirmed, with costs.

Timely service of a notice of claim is a condition precedent to a lawsuit sounding in tort and commenced against a municipality and its subdivisions (*see* General Municipal Law § 50-e [1] [a]; *Davidson v Bronx Mun. Hosp.*, 64 NY2d 59, 61 [1984]; *O'Brien v City of Syracuse*, 54 NY2d 353, 358 [1981]). In decid-

ing whether to permit the service of a late notice of claim, the court generally will consider three factors: (1) whether the petitioner has a reasonable excuse for the failure to serve a timely notice of claim, (2) whether the municipality acquired actual notice of the essential facts of the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) whether the delay would substantially prejudice the municipality in its defense (*see Matter of Dell'Italia v Long Is. R.R. Corp.*, 31 AD3d 758 [2006]; *Matter of Conroy v Smithtown Cent. School Dist.*, 3 AD3d 492, 493 [2004]; *Rabanar v City of Yonkers*, 290 AD2d 428 [2002]).

Here, the petitioner offered unsatisfactory excuses for his 13-month delay in timely serving the notice of claim upon the defendant City of New York Department of Environmental Protection (hereinafter the City) (*see Matter of Termini v Valley Stream Union Free School Dist. No. 13*, 2 AD3d 866, 867 [2003]). The proffered excuses for the delay, that he was unaware of the filing requirement as well as unaware of the extent and seriousness of his injuries, were insufficient (*see Matter of Eaddy v County of Nassau*, 282 AD2d 675 [2001]; *Matter of Gomez v City of New York*, 250 AD2d 443 [1998]).

Moreover, the City did not receive actual notice or acquire knowledge of the essential facts and specific claims asserted by the petitioner within 90 days after the occurrence (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537 [2006]; *Matter of Padovano v Massapequa Union Free School Dist.*, 31 AD3d 563 [2006]). Aside from the fact that no record evidence established the City's receipt of the site accident report, that report, which was prepared by the private contractor after the accident, was not sufficiently specific to provide the City with the statutorily required notice (*see Matter of Scott v Huntington Union Free School Dist.*, 29 AD3d 1010, 1011 [2006]). Among other things, the report did not identify any of the City employees who were allegedly present during the accident, and failed to provide reasonable notice that any actionable wrong had been committed by the City (*compare Matter of Greene v City of Middletown*, 5 AD3d 384 [2004], *and Matter of Deegan v City of New York*, 227 AD2d 620 [1996], *with Matter of March v Town of Wappinger*, 29 AD3d 998, 999 [2006]).

Finally, the petitioner failed to establish that the City would not be substantially prejudiced in maintaining its defense on the merits as a result of the lengthy and unexcused delay in moving for leave to serve the notice of claim (*see Matter of Flores v County of Nassau*, 8 AD3d 377, 378 [2004]; *Igneri v New York City Bd. of Educ.*, 303 AD2d 635, 635-636 [2003]). Therefore,

the Supreme Court providently exercised its discretion in denying the application for leave to serve a late notice of claim. Schmidt, J.P., Krausman, Covello and Balkin, JJ., concur.