856

In the Matter of KEITH GROVES, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Respondent.
[843 NYS2d 452]—

In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the New York City Transit Authority, the Metropolitan Transportation Authority, and the Manhattan and Bronx Surface Transit Operating Authority appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated June 2, 2006, as granted that branch of the plaintiff's application which was to serve a late notice of claim upon them, and deemed the proposed notice of claim served upon them.

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, that branch of the application which was to serve a late notice of claim upon the appellants is denied, and the proceeding is dismissed insofar as asserted against the appellants.

Timely service of a notice of claim is a condition precedent to the commencement of an action sounding in tort against the New York City Transit Authority, the Metropolitan Transportation Authority, and the Manhattan and Bronx Surface Transit Operating Authority (see Public Authorities Law § 1212 [2]; § 1276 [2]; General Municipal Law § 50-e [1] [a]; Davidson v Bronx Mun. Hosp., 64 NY2d 59, 61 [1984]; O'Brien v City of Syracuse, 54 NY2d 353, 358 [1981]). In determining whether to extend the time to serve a notice of claim, the court will consider whether, in particular, the relevant public authority received actual notice of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the claimant has a reasonable excuse for the failure to serve a timely notice of claim, and whether the delay would substantially prejudice the relevant public authority in its defense on the merits (see General Municipal Law § 50-e [5]; Matter of White v New York City Hous. Auth., 38 AD3d 675

[2007]; *Matter of James v City of N.Y. Dept. of Envtl. Protection,* 37 AD3d 832 [2007]; *Matter of Narcisse v Incorporated Vil. of Cent. Islip,* 36 AD3d 920, 921 [2007]).

The appellants did not receive actual notice or acquire knowledge of the essential facts constituting the claim asserted by the plaintiff within 90 days after the occurrence (*see Williams v Nassau County Med. Ctr.,* 6 NY3d 531, 537 [2006]; *Matter of James v City of N.Y. Dept. of Envtl. Protection,* 37 AD3d 832 [2007]; *Matter of Padovano v Massapequa Union Free School Dist.,* 31 AD3d 563 [2006]). The incident report filled out by a bus driver on the day of the incident made no mention of the facts constituting the petitioner's claim that he was assaulted by the bus driver or that he was injured during the incident (*see Matter of Finneran v City of New York,* 228 AD2d 596, 597 [1996]; *Matter of Deegan v City of New York,* 227 AD2d 620 [1996]; *Matter of Rusiecki v Clarkstown Cent. School Dist.,* 227 AD2d 493, 494 [1996]).

Additionally, the petitioner failed to demonstrate a reasonable excuse for his delay in commencing this proceeding. The proffered excuses, that the petitioner was unaware of the statutory time limit for serving a notice of claim and that an attorney whom he had previously contacted declined to take his case, were insufficient to excuse the delay (*see Matter of James v City of N.Y. Dept. of Envtl. Protection,* 37 AD3d at 833; *Matter of Narcisse v Incorporated Vil. of Cent. Islip,* 36 AD3d at 922; *Lopez v New York City Hous. Auth.,* 193 AD2d 473, 474 [1993]).

Furthermore, under the circumstances of this case, the appellants would be prejudiced in their defense by the approximately six-month delay between the time the claim arose and the time the petitioner commenced the proceeding for leave to serve a late notice of claim (*see Matter of Clark v City of New York,* 292 AD2d 605, 606 [2002]; *Matter of Gillum v County of Nassau,* 284 AD2d 533, 534 [2001]; *Matter of Resto v City of New York,* 240 AD2d 499, 501 [1997]).

Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the application which was to serve a late notice of claim upon the appellants. Schmidt, J.P., Spolzino, Skelos, Lifson and McCarthy, JJ., concur.