◼ In the Matter of NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Respondent, v TOWN OF EASTCHESTER, Appellant. [851 NYS2d 632]—

In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the appeal is from an order of the Supreme Court, Westchester County (Loehr, J.), entered May 15, 2007, which granted the petition.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.

Timely service of a notice of claim is a condition precedent to a lawsuit sounding in tort and commenced against a municipality (see General Municipal Law § 50-e [1] [a]; *Davidson v Bronx Mun. Hosp.,* 64 NY2d 59, 61 [1984]; *O'Brien v City of Syracuse,* 54 NY2d 353, 358 [1981]). In deciding whether to permit service of a late notice of claim, the court will consider whether the municipality acquired actual notice of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the petitioner has a reasonable excuse for the failure to serve a timely notice of claim, and whether the delay would substantially prejudice the municipality in its defense on the merits (see General Municipal Law § 50-e [5]; *Matter of White v New York City Hous. Auth.,* 38 AD3d 675 [2007]; *Matter of James v City of N.Y. Dept. of Envtl. Protection,* 37 AD3d 832 [2007]; *Matter of Narcisse v Incorporated Vil. of Cent. Islip,* 36 AD3d 920, 921 [2007]).

The Supreme Court improvidently exercised its discretion in granting the petition for leave to serve a late notice of claim. The Town of Eastchester (hereinafter the Town) did not receive actual notice or acquire knowledge of the essential facts constituting the claim asserted by the petitioner within 90 days after the accident or a reasonable time thereafter (see *Williams v Nassau County Med. Ctr.,* 6 NY3d 531, 537 [2006]; *Matter of James v City of N.Y. Dept. of Envtl. Protection,* 37 AD3d 832 [2007]; *Matter of Padovano v Massapequa Union Free School Dist.,* 31 AD3d 563 [2006]). The fact that the Eastchester Police Department had knowledge of this accident, which occurred in the Town of Bronxville (hereinafter Bronxville), is insufficient to impute knowledge of the accident to the Town (see *Matter of Vitali v City of New York,* 205 AD2d 636 [1994]; *Matter of Russ v New York City Hous. Auth.,* 198 AD2d 361, 362 [1993]; *Matter of Perry v City of New York,* 133 AD2d 692, 693 [1987]; *Caselli v City of New York,* 105 AD2d 251, 255-256 [1984]). Furthermore, the police accident report and the Bronxville Police Department call report failed to provide actual knowledge of the facts constituting the petitioner's claim that its subrogor's vehicle was damaged as a result of the Town's negligence (see *Williams v Nassau County Med. Ctr.,* 6 NY3d at 537; *Bridgeview at Babylon Cove Homeowners Assn., Inc. v Incorporated Vil. of Babylon,* 41 AD3d 404 [2007]; *Matter of James v City of N.Y. Dept. of Envtl. Protection,* 37 AD3d at 833; *Matter of Finneran v City of New York,* 228 AD2d 596, 597 [1996]). The petitioner's

further assertion that the Town's employee must have reported the accident to his superiors was completely unsubstantiated (*see Washington v City of New York,* 72 NY2d 881, 883 [1988]; *State Farm Mut. Auto. Ins. Co. v New York City Tr. Auth.,* 35 AD3d 718 [2006]). In addition, the petitioner failed to provide any excuse for its lengthy delay in bringing the proceeding.

It is unnecessary to reach the issue of prejudice to the Town, since the petition should have been denied due to the lack of timely actual knowledge of the facts constituting the claim and the petitioner's lack of a reasonable excuse for the delay in bringing the proceeding (*see Hebbard v Carpenter,* 37 AD3d 538, 541 [2007]; *Matter of Dell'Italia v Long Is. R.R. Corp.,* 31 AD3d 758, 759-760 [2006]; *Matter of Carpenter v City of New York,* 30 AD3d 594, 596 [2006]). Rivera, J.P., Florio, Carni and Balkin, JJ., concur.