■ In the Matter of SCHMUEL ABRAMOVITZ, Appellant, v CITY OF NEW YORK et al., Respondents. [953 NYS2d 137]—

Timely service of a notice of claim is a condition precedent to the commencement of an action sounding in tort against the New York City Transit Authority (hereinafter the NYCTA) (see General Municipal Law §§ 50-e [1] [a]; 50-i [1] [a]; Public Authorities Law § 1212 [2]; *Matter of Groves v New York City Tr. Auth.,* 44 AD3d 856 [2007]; *Small v New York City Tr. Auth.,* 14 AD3d 690, 691 [2005]; *Adams v New York City Tr. Auth.,* 140 AD2d 572, 573 [1988]). In determining whether to extend the time to serve a notice of claim, the court will consider whether, in particular, the public corporation received actual notice of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the claimant has a reasonable excuse for the failure to serve a timely notice of claim, and whether the delay would substantially prejudice the public corporation in its defense on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Groves v New York City Tr. Auth.,* 44 AD3d 856 [2007]; *Matter of White v New York*

*City Hous. Auth.,* 38 AD3d 675 [2007]; *Matter of James v City of N.Y. Dept. of Envtl. Protection,* 37 AD3d 832 [2007]).

The petitioner failed to demonstrate that the NYCTA acquired actual knowledge of the essential facts constituting the claim within 90 days after the accident or within a reasonable time thereafter. Even though the petitioner consulted with an attorney and served a notice of claim upon the City of New York approximately one week after the accident, he did not serve a notice of claim upon the NYCTA or commence this proceeding until more than four months after the consultation. The NYCTA did not have any knowledge of the petitioner's accident and injury, or the legal theory on which liability was predicated against it prior to being served with papers in the instant proceeding (*see Matter of Khalid v City of New York,* 91 AD3d 779, 780 [2012]; *Matter of Iacone v Town of Hempstead,* 82 AD3d 888, 889 [2011]; *Matter of Peterson v New York City Dept. of Envtl. Protection,* 66 AD3d 1027, 1030 [2009]; *Matter of Narcisse v Incorporated Vil. of Cent. Islip,* 36 AD3d 920, 921 [2007]). Furthermore, the petitioner failed to demonstrate a reasonable excuse for his delay. The petitioner's excuse that he only recently came to realize that he may have a claim against the NYCTA was unacceptable (*see Matter of Thompson v City of New York,* 95 AD3d 1024, 1025 [2012]; *Bridgeview at Babylon Cove Homeowners Assn., Inc. v Incorporated Vil. of Babylon,* 41 AD3d 404, 405-406 [2007]; *Matter of Nieves v Girimonte,* 309 AD2d 753, 754 [2003]). Finally, the petitioner failed to show that the delay had not deprived the NYCTA of the opportunity to find witnesses promptly or otherwise conduct a timely and meaningful investigation in this matter. Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.