In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the City of New York appeals from an order of the Supreme Court, Kings County (Ash, J.), dated December 2, 2011, which granted the petition.
Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.
Pursuant to General Municipal Law § 50-e (5), a court has the discretion to permit the service of a late notice of claim. The relevant factors for the court to consider include whether (1) the petitioner demonstrated a reasonable excuse for failing to serve a timely notice of claim, (2) the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and (3) the delay would substantially prejudice the municipality in maintaining its defense on the merits (see General Municipal Law § 50-e [5]; Matter of Henriques v City of New York, 22 AD3d *801 847, 848 [2005]; Christoforatos v City of New York, 285 AD2d 622 [2001]; Matter of Landa v City of New York, 252 AD2d 525, 526 [1998]).
The petitioners did not demonstrate a reasonable excuse for their failure to serve a timely notice of claim. The petitioners’ assertion that they only recently discovered that they had a claim against the City is not an acceptable excuse (see Matter of Abramovitz v City of New York, 99 AD3d 1000, 1001 [2012]; Matter of Thompson v City of New York, 95 AD3d 1024, 1025 [2012]; Bridgeview at Babylon Cove Homeowners Assn., Inc. v Incorporated Vil. of Babylon, 41 AD3d 404, 405-406 [2007]), and they failed to submit any medical evidence to support their allegation that they were more concerned and preoccupied with their alleged injuries than in asserting a claim for damages (see Matter of Taylor v County of Suffolk, 90 AD3d 769, 770 [2011]; Matter of Aliberti v City of Yonkers, 302 AD2d 456 [2003]; Matter of Caruso v County of Westchester, 220 AD2d 746 [1995]).
The petitioners contend that the City acquired timely, actual knowledge of the essential facts constituting the claim by reason of a police accident report filled out by the responding police officer at the scene of the subject vehicular accident. The fact that the New York City Police Department had knowledge of this accident, without more, cannot be considered actual knowledge of the essential facts underlying the claim against the City (see Matter of Mitchell v Town of Greenburgh, 96 AD3d 852, 852-853 [2012]; Hardayal v City of New York, 281 AD2d 593 [2001]; Matter of Leiblein v Clark, 207 AD2d 348, 350 [1994]; Matter of Russ v New York City Hous. Auth., 198 AD2d 361, 362 [1993]; Matter of Perry v City of New York, 133 AD2d 692, 693 [1987]; Caselli v City of New York, 105 AD2d 251, 255 [1984]). The petitioners’ further assertion that the driver of the offending vehicle must have reported the accident to her superiors at the New York City Department of Transportation was completely unsubstantiated (see Washington v City of New York, 72 NY2d 881, 883 [1988]; Matter of National Grange Mut. Ins. Co. v Town of Eastchester, 48 AD3d 467, 468 [2008]; State Farm Mut. Auto. Ins. Co. v New York City Tr. Auth., 35 AD3d 718 [2006]).
Furthermore, the petitioners failed to demonstrate that the 10-month delay in serving a notice of claim after the 90-day statutory period expired did not substantially prejudice the City in maintaining its defense on the merits (see Brandi v City of New York, 90 AD3d 751 [2011]; Matter of Hill v New York City Tr. Auth., 68 AD3d 866, 867 [2009]; Matter of Felice v Eastport/ South Manor Cent. School Dist. 50 AD3d 138, 152 [2008]).
*802 The petitioners’ remaining contentions, which are based upon new factual allegations, are improperly raised for the first time on appeal and, accordingly, are not properly before this Court (see Matter of Zaid v City of New York, 87 AD3d 661, 663 [2011]; Matter of Tonissen v Huntington U.F.S.D., 80 AD3d 704, 706 [2011]; Provident Bank v Giannasca, 55 AD3d 812 [2008]). Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.