■ In the Matter of JOHN RYAN et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [973 NYS2d 312]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Queens County (Gavrin, J.), dated May 22, 2012, which denied the petition.

Ordered that the order is affirmed, with costs.

Timely service of a notice of claim is a condition precedent to the commencement of an action sounding in tort against the New York City Transit Authority (hereinafter the NYCTA) (*see* General Municipal Law § 50-e [1] [a]; Public Authorities Law § 1212 [2]; *Matter of Groves v New York City Tr. Auth.*, 44 AD3d 856 [2007]; *Small v New York City Tr. Auth.*, 14 AD3d 690, 691 [2005]). In determining whether to extend the time to serve a notice of claim, the court will consider whether, in particular, the public corporation received actual notice of the essential facts constituting the claim within 90 days after the claim arose

or a reasonable time thereafter, whether the claimant has a reasonable excuse for the failure to serve a timely notice of claim, and whether the delay would substantially prejudice the public corporation in its defense on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Abramovitz v City of New York*, 99 AD3d 1000, 1000-1001 [2012]; *Matter of Groves v New York City Tr. Auth.*, 44 AD3d at 856-857; *Matter of White v New York City Hous. Auth.*, 38 AD3d 675 [2007]).

Here, the petitioners failed to demonstrate a reasonable excuse for the five-month delay after the expiration of the 90-day statutory period in serving the petition and proposed notice of claim. The injured petitioner's assertion that he did not immediately appreciate the nature and severity of his injuries until approximately five months after the subject accident is unavailing without supporting medical evidence explaining why the severity of the injuries took so long to become apparent and to be diagnosed (*see Matter of Walker v Riverhead Cent. Sch. Dist.*, 107 AD3d 727 [2013]; *Matter of Minkowicz v City of New York*, 100 AD3d 1000 [2012]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 151 [2008]). The injured petitioner also failed to proffer any excuse for the further three-month delay between the time that he retained his attorneys and the time that he served the notice of claim (*see Matter of Grant v Nassau County Indus. Dev. Agency*, 60 AD3d 946, 947 [2009]; *Matter of Gillum v County of Nassau*, 284 AD2d 533 [2001]; *Matter of McAllister v County of Nassau*, 202 AD2d 670, 671 [1994]).

Further, the petitioners failed to demonstrate that the NYCTA acquired actual knowledge of the essential facts constituting the claim within 90 days after the accident or within a reasonable time thereafter. The police accident report prepared by the responding police officer at the scene of the subject vehicular accident did not provide the NYCTA with actual knowledge of the injured petitioner's accident and injury, or that a potentially actionable wrong had been committed by the NYCTA against the injured petitioner (*see Matter of Abramovitz v City of New York*, 99 AD3d at 1001; *Matter of Khalid v City of New York*, 91 AD3d 779, 780 [2012]; *Matter of Taylor v County of Suffolk*, 90 AD3d 769, 770 [2011]). Furthermore, the motor vehicle accident report prepared by the injured petitioner 16 days after the accident and filed with the New York State Department of Motor Vehicles (hereinafter the DMV) did not provide the NYCTA with timely, actual knowledge of the petitioners' claim. The fact that the DMV had knowledge of the injured petitioner's accident, without more, cannot be considered actual knowledge by the

NYCTA regarding the essential facts constituting the claim against it (*see Matter of Walker v Riverhead Cent. Sch. Dist.*, 107 AD3d at 727; *Matter of Klass v City of New York*, 103 AD3d 800, 801 [2013]; *Matter of Martinez v New York City Hous. Auth.*, 250 AD2d 686, 687 [1998]).

Moreover, the petitioners offered no evidence to rebut the NYCTA's contention that the delay had deprived it of the opportunity to find and interview witnesses promptly, or otherwise conduct a timely and meaningful investigation of the claim (*see Godfrey v City of New Rochelle*, 74 AD3d 1018, 1019 [2010]; *Matter of Lorseille v New York City Hous. Auth.*, 295 AD2d 612 [2002]; *Matter of DiBella v City of New York*, 234 AD2d 366, 367 [1996]).

Accordingly, the Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim. Skelos, J.P., Dickerson, Lott and Austin, JJ., concur.