■ NEIL HUNTE, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [989 NYS2d 326]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Rothenberg, J.), dated July 25, 2013, which granted the plaintiff's motion pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

Ordered that the order is affirmed, with costs.

Timely service of a notice of claim is a condition precedent to the commencement of an action sounding in tort against the

New York City Transit Authority (*see* General Municipal Law § 50-e [1] [a]; Public Authorities Law § 1212 [2]; *Matter of Ryan v New York City Tr. Auth.*, 110 AD3d 902 [2013]; *Matter of Groves v New York City Tr. Auth.*, 44 AD3d 856 [2007]; *Small v New York City Tr. Auth.*, 14 AD3d 690, 691 [2005]). In determining whether to extend the time to serve a notice of claim, the court will consider whether (1) the claimant has a reasonable excuse for the failure to serve a timely notice of claim, (2) the public corporation received actual notice of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay would substantially prejudice the public corporation in its defense on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Ryan v New York City Tr. Auth.*, 110 AD3d 902 [2013]; *Matter of Abramovitz v City of New York*, 99 AD3d 1000, 1000-1001 [2012]; *Matter of Groves v New York City Tr. Auth.*, 44 AD3d at 856-857).

The Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to serve a late notice of claim in this action. Mastro, J.P., Hall, Lott, Austin and Duffy, JJ., concur.