Matter of Vega v Incorporated Vil. of Freeport (2018 NY Slip Op 05598)





Matter of Vega v Incorporated Vil. of Freeport


2018 NY Slip Op 05598


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-05878
 (Index No. 5164/16)

[*1]In the Matter of Raul Vega, appellant, 
v
Incorporated Village of Freeport, respondent.


Silverman & Taylor, PLLC, Freeport, NY (Daivery G. Taylor of counsel), for appellant.
Harris Beach PLLC, Uniondale, NY (Kadion D. Henry of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered February 22, 2017. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On January 23, 2016, the petitioner was attempting to park a vehicle in a parking lot when the vehicle collided with a dump truck that was plowing snow. The dump truck was owned by the respondent, Incorporated Village of Freeport, and operated by a Village employee. On or about July 18, 2016, the petitioner commenced this proceeding for leave to serve a late notice of claim on the Village. The Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
A party seeking to sue a public corporation must serve a notice of claim on the public corporation within 90 days after the claim arises (see General Municipal Law § 50-e[1][a]). General Municipal Law § 50-e(5) permits a court, in its discretion, to extend the time for a petitioner to serve a notice of claim. The statute directs that in making its determination, the court shall consider, in particular, whether the public corporation "acquired actual knowledge of the essential facts constituting the claim within [90 days after the accrual of the claim] or within a reasonable time thereafter," and "all other relevant facts and circumstances" (General Municipal Law § 50-e[5]). The factors that a court should weigh include "whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits" (id.), and whether the claimant demonstrated a reasonable excuse for failing to serve a timely notice of claim (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 461; Williams v Nassau County Med. Ctr., 6 NY3d 531, 539; Matter of Acosta v City of New York, 39 AD3d 629, 630; Matter of Henriques v City of New York, 22 AD3d 847, 848). While no one factor is determinative, whether the municipality received actual knowledge of the facts constituting the claim in a timely manner is a factor that should be accorded great weight (see Matter of Wright v City of New York, 99 AD3d 717, 718; Matter of Burgess v County of Suffolk, 56 AD3d 769, 771; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147).
Here, the petitioner failed to demonstrate that the Village obtained timely, actual knowledge of the essential facts constituting the claim. The late notice of claim served upon the Village approximately three months after the 90-day statutory period had elapsed did not provide the [*2]Village with actual knowledge of the essential facts constituting the claim within a reasonable time after the expiration of the statutory period (see Matter of Stark v West Hempstead Union Free Sch. Dist., 127 AD3d 765, 765; Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d 790, 791; Matter of Valila v Town of Hempstead, 107 AD3d 813, 815; Matter of Clark v City of New York, 292 AD2d 605, 606). Furthermore, the police accident report alone, without any evidence of further investigation by the Village, cannot be considered actual knowledge of the essential facts underlying the claim against the Village (see Matter of Klass v City of New York, 103 AD3d 800, 801; Matter of Farfan v City of New York, 101 AD3d 714, 715; Matter of National Grange Mut. Ins. Co. v Town of Eastchester, 48 AD3d 467, 468; Hardayal v City of New York, 281 AD2d 593; Matter of Leiblein v Clark, 207 AD2d 348, 350; Matter of Perry v City of New York, 133 AD2d 692, 693; Caselli v City of New York, 105 AD2d 251, 255).
The petitioner's assertions that he was unfamiliar with the statutory requirement for serving a late notice of claim and that he did not speak English were not acceptable excuses for his failure to timely serve a notice of claim (see Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 150; Matter of Pico v City of New York, 8 AD3d 287, 288; Matter of Termini v Valley Stream Union Free School Dist. No. 13, 2 AD3d 866, 867; Matter of Lamper v City of New York, 215 AD2d 484).
On the issue of prejudice, the petitioner met his initial burden of showing that the late notice of claim would not substantially prejudice the Village, and the Village failed to respond with "a particularized evidentiary showing" that it would be substantially prejudiced if late notice were allowed (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467). However, prejudice is but one factor for the court to consider, and under the circumstances of this case, it cannot be said that the Supreme Court improvidently exercised its discretion in denying leave to serve a late notice of claim (see Matter of Ruiz v City of New York, 154 AD3d 945, 947; Matter of National Grange Mut. Ins. Co. v Town of Eastchester, 48 AD3d at 469; cf. Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 265).
RIVERA, J.P., DILLON, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court