Durand v MV Transp., Inc. (2020 NY Slip Op 04458)





Durand v MV Transp., Inc.


2020 NY Slip Op 04458


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-14296
 (Index No. 514666/18)

[*1]Renald Durand, appellant, 
v
MV Transportation, Inc., et al., respondents.


William Schwitzer & Associates, P.C., New York, NY (Howard R. Cohen of counsel), for appellant.
Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated November 7, 2018. The order denied the plaintiff's motion pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim.
ORDERED that the order is affirmed, with costs.
On July 12, 2017, the plaintiff was injured when he was struck by a van operated by the defendant Leona Philipper Clarke. The police accident report listed the defendant MV Transportation, Inc. (hereinafter MVT), as the registered owner of the van. On March 23, 2018, the plaintiff allegedly served a notice of claim on the defendants New York City Transit Authority, Metropolitan Transportation Authority, and Access-A-Ride (hereinafter collectively the municipal defendants). On April 17, 2018, the plaintiff retained new counsel. On July 18, 2018, the plaintiff commenced this action to recover damages for personal injuries. By order to show cause dated October 1, 2018, the plaintiff moved for leave to serve a late notice of claim upon the municipal defendants. In an order dated November 7, 2018, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
Timely service of a notice of claim is a condition precedent to the commencement of an action sounding in tort against the New York City Transit Authority and the Metropolitan Transportation Authority (see Public Authorities Law §§ 1212[2]; 1276[2]; General Municipal Law § 50-e[1][a]; Matter of Ryan v New York City Tr. Auth., 110 AD3d 902; Matter of Groves v New York City Tr. Auth., 44 AD3d 856; Small v New York City Tr. Auth., 14 AD3d 690, 691). In determining whether to extend the time to serve a notice of claim, the court will consider whether (1) the claimant has a reasonable excuse for the failure to serve a timely notice of claim and for the delay in seeking leave to serve a late notice of claim, (2) the public corporation received actual notice of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay would substantially prejudice the public corporation in its defense on the merits (see General Municipal Law § 50-e[5]; Matter of Molme v New York City Tr. Auth., 177 AD3d 601; Matter of Naar v City of New York, 161 AD3d 1081, 1082; Hunte v New York City Tr. [*2]Auth., 119 AD3d 735, 736).
Here, the plaintiff failed to provide a reasonable excuse for his failure to serve a timely notice of claim upon the municipal defendants. The bald and unsubstantiated assertion of the plaintiff's present attorney that the plaintiff's former attorney was not aware of the requirement to serve a notice of claim upon the municipal defendants within 90 days after the claim arose was insufficient to demonstrate a reasonable excuse (see Matter of Murnane v New York City Sch. Constr. Auth., 164 AD3d 506, 507; Matter of Romeo v Long Is. Power Auth., 133 AD3d 667, 669; Grasso v Nassau County, 109 AD3d 579, 580). The plaintiff also failed to proffer any explanation for the additional six-month delay between the time that he discovered the error and the filing of his motion for leave to serve a late notice of claim (see Kelly v City of New York, 153 AD3d 1388, 1389; Kuterman v City of New York, 121 AD3d 646, 647).
The plaintiff failed to establish that the municipal defendants received timely, actual knowledge of the essential facts constituting the claim. The police accident report, which was prepared by an officer who responded to the scene of the plaintiff's accident, was insufficient by itself to establish that the municipal defendants acquired actual knowledge of the plaintiff's claim. The fact that the New York City Police Department had knowledge of this accident, without more, cannot be considered actual knowledge by the municipal defendants of the essential facts underlying the claim against them (see Matter of Cruz v Transdev Servs., Inc., 160 AD3d 729, 731; Matter of Klass v City of New York, 103 AD3d 800, 801; Hardayal v City of New York, 281 AD2d 593). Furthermore, there is no evidence in the record that the accident was reported to the municipal defendants within 90 days after the claim arose (see Washington v City of New York, 72 NY2d 881, 883; Matter of Klass v City of New York, 103 AD3d at 801; Matter of National Grange Mut. Ins. Co. v Town of Eastchester, 48 AD3d 467, 468). Moreover, the purported service of a notice of claim upon the municipal defendants on March 23, 2018, occurred over five months after the 90-day statutory period had expired, which was too late to provide the municipal defendants with actual knowledge of the essential facts constituting the claim within a reasonable time after the expiration of that statutory period (see Matter of Naar v City of New York, 161 AD3d at 1083; Matter of Maggio v City of New York, 137 AD3d 1282, 1283).
The plaintiff failed to sustain his initial burden of presenting "some evidence or plausible argument" that granting the motion would not substantially prejudice the municipal defendants in maintaining their defense on the merits (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; see Matter of Galicia v City of New York, 175 AD3d 681, 684; Matter of Moroz v City of New York, 165 AD3d 799, 800).
Accordingly, we agree with the Supreme Court's denial of the plaintiff's motion for leave to serve a late notice of claim.
BALKIN, J.P., COHEN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court