Matter of Shavreshyan v City of New York (2022 NY Slip Op 04303)

Matter of Shavreshyan v City of New York

2022 NY Slip Op 04303

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SHERI S. ROMAN
LINDA CHRISTOPHER
DEBORAH A. DOWLING, JJ.

2020-05501
 (Index No. 508146/20)

[*1]In the Matter of Naira Zhorayi Shavreshyan, appellant,
v
City of New York, respondent.

Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul H. Seidenstock, and Kelly Breslauer], of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Melanie T. West and Eva L. Jerome of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated July 8, 2020. The order denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
The petitioner allegedly was injured on January 20, 2019, when she tripped and fell over a raised sidewalk flag in Brooklyn. On May 29, 2020, approximately 16 months later, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the City of New York. In support of the petition, the petitioner submitted, inter alia, 22 undated photographs of the alleged defective condition. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"Timely service of a notice of claim is a condition precedent to a lawsuit sounding in tort against a municipal entity" (Matter of Bermudez v City of New York, 167 AD3d 733, 733-734). "In determining whether to extend the time to serve a notice of claim, the court will consider whether (1) the claimant has a reasonable excuse for the failure to serve a timely notice of claim and for the delay in seeking leave to serve a late notice of claim, (2) the public corporation received actual notice of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay would substantially prejudice the public corporation in its defense on the merits" (Durand v MV Transp., Inc., 186 AD3d 564, 565). "Neither the presence nor absence of any one factor is determinative, although it is generally recognized that the question of whether the municipal entity timely acquired actual knowledge is of great importance" (Matter of Zelin v Blind Brook-Rye Union Free Sch. Dist., 164 AD3d 1352, 1353; see Matter of McVea v County of Orange, 186 AD3d 1221, 1222).
Here, the failure of the petitioner's attorney to ascertain that the City may be the party responsible for the alleged defective condition was attributable to a lack of due diligence, and thus, does not constitute a reasonable excuse for the failure to timely serve the notice of claim (see Matter [*2]of Suraty v City of New York, 188 AD3d 702, 703; Matter of Perez v City of New York, 175 AD3d 1534, 1536; Matter of Mishkin v City of New York, 175 AD3d 684, 685; Matter of Ramos v New York City Hous. Auth., 162 AD3d 884, 885; Matter of Portnov v City of Glen Cove, 50 AD3d 1041, 1043). Moreover, the petitioner failed to proffer any explanation for the delay between the time that her attorney discovered the error and the time the petitioner commenced the instant proceeding (see Matter of Bramble v New York City Dept of Educ., 125 AD3d 856, 858; Kelly v City of New York, 153 AD3d 1388, 1389; Kuterman v City of New York, 121 AD3d 646, 647).
The petitioner concedes that the City did not receive actual knowledge of the essential facts constituting the claim within 90 days after the claim arose.
Contrary to the petitioner's contention, she failed to sustain her initial burden of presenting "some evidence or plausible argument" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466) that the City would not be substantially prejudiced by the late notice of claim. The photographic evidence upon which the petitioner relies was unauthenticated, and therefore, failed to establish that the alleged defective condition was substantially as depicted therein or that the condition remained unchanged since the time of the accident (see Matter of Perez v City of New York, 175 AD3d at 1536; Matter of Bermudez v City of New York, 167 AD3d at 735; Matter of Bramble v New York City Dept. of Educ., 125 AD3d at 859; Matter of Valentine v City of New York, 72 AD3d 981, 982).
The petitioner's remaining contention is without merit.
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and dismissing the proceeding.
LASALLE, P.J., ROMAN, CHRISTOPHER and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court