Matter of Woodruff v New York City Tr. Auth. (2024 NY Slip Op 06351)

Matter of Woodruff v New York City Tr. Auth.

2024 NY Slip Op 06351

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LOURDES M. VENTURA, JJ.

2022-02535
 (Index No. 151997/21)

[*1]In the Matter of Bebe Woodruff, appellant,
v
New York City Transit Authority, respondent-respondent, et al., respondent.

The Berkman Law Office, LLC, Brooklyn, NY (Robert J. Tolchin of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for respondent-respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated March 8, 2022. The order, insofar as appealed from, denied the petition and granted the cross-petition of the respondent New York City Transit Authority to dismiss the complaint in an action entitled Woodruff v New York City Transit Authority, commenced in the Supreme Court, Richmond County, under Index No. 151389/18, insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 4, 2017, the petitioner allegedly was injured on a bus owned and operated by the respondent New York City Transit Authority (hereinafter NYCTA). On June 5, 2017, the petitioner served a notice of claim upon NYCTA. The petitioner commenced an action in the Supreme Court, Richmond County, under Index No. 151389/18, to recover damages for personal injuries against NYCTA and another (hereinafter the personal injury action). On November 16, 2021, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) to deem the late notice of claim timely served nunc pro tunc. NYCTA opposed the petition and cross-petitioned to dismiss the complaint in the personal injury action insofar as asserted against it. By order dated March 8, 2022, the Supreme Court, inter alia, denied the petition and granted the cross-petition. The petitioner appeals.
As a general matter, "[t]imely service of a notice of claim is a condition precedent to the commencement of an action sounding in tort against the [NYCTA]" (Hunte v New York City Tr. Auth., 119 AD3d 735, 735; see General Municipal Law § 50-e[1][a]; Public Authorities Law § 1212[2]; Matter of Ryan v New York City Tr. Auth., 110 AD3d 902). Service of the notice of claim must be made within 90 days after the claim arises, unless the court grants an application to extend that time period (see General Municipal Law § 50-e[1][a]; [5]; see generally Matter of Rojas v New York City Health & Hosps. Corp., 127 AD3d 870, 872). An application to extend the time to serve a notice of claim may not be made after the expiration of the one-year-and-90-day statute of [*2]limitations, unless the statute of limitations has been tolled (see General Municipal Law § 50-e[5]; Public Authorities Law § 1212[2]; Pierson v City of New York, 56 NY2d 950, 954-956; Attallah v Nassau Univ. Med. Ctr., 131 AD3d 609).
Here, where the accident allegedly occurred on March 4, 2017, this proceeding to deem a late notice of claim timely served nunc pro tunc, commenced on November 16, 2021, was untimely (see Matter of Lockwood v City of Yonkers, 179 AD3d 688, 689). The petitioner, in opposition to the cross-petition, failed to demonstrate that NYCTA should be equitably estopped from asserting that the notice of claim was not timely filed (cf. Konner v New York City Tr. Auth., 143 AD3d 774).
The petitioner's remaining contentions are not properly before this Court.
Accordingly, the Supreme Court properly denied the petition and granted the cross-petition.
DILLON, J.P., CHAMBERS, WOOTEN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court