■ MARGARET GODFREY, Appellant, v CITY OF NEW ROCHELLE, Respondent. [903 NYS2d 497]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered June 19, 2009, as denied her motion pursuant to General Municipal Law § 50-e (5) to deem her notice of claim timely served, nunc pro tunc.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in denying the plaintiff's motion to deem her notice of claim timely served, nunc pro tunc. The plaintiff's excuse for failing to timely serve a notice of claim, that she expected her injury to heal quickly, is unacceptable without supporting medical evidence explaining why the seriousness of the injury took so long to become apparent (*see Matter of Felice v Eastport/South Manor*

*Cent. School Dist.*, 50 AD3d 138, 151 [2008]; *Matter of Lodati v City of New York*, 303 AD2d 406, 407 [2003]; *Matter of Eaddy v County of Nassau*, 282 AD2d 675 [2001]; *Matter of Plantin v New York City Hous. Auth.*, 203 AD2d 579, 580 [1994]). Furthermore, the plaintiff's asserted unawareness of the limits on her medical coverage is also unavailing (*see Anderson v City Univ. of N.Y. at Queens Coll.*, 8 AD3d 413 [2004]).

Additionally, the defendant did not acquire actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter. The plaintiff alleged that she "called [the defendant] shortly after [her] accident to tell them about [her] injury." Even if true, mere general knowledge that an injury has occurred is insufficient to provide the requisite notice (*see Matter of Castro v Clarkstown Cent. School Dist.*, 65 AD3d 1141, 1142 [2009]; *Matter of Felice v Eastport/ South Manor Cent. School Dist.*, 50 AD3d at 148; *Matter of Scott v Huntington Union Free School Dist.*, 29 AD3d 1010, 1011 [2006]). Finally, the plaintiff offered no evidence to rebut the defendant's contention that the two-month delay after the expiration of the 90-day period in serving the notice of claim and the further seven-month delay in moving to deem the notice of claim timely served would substantially prejudice its ability to conduct an investigation of the claim (*see Matter of Lorseille v New York City Hous. Auth.*, 295 AD2d 612 [2002]; *Matter of DiBella v City of New York*, 234 AD2d 366, 367 [1996]; *Matter of Sosa v City of New York*, 206 AD2d 374 [1994]). Rivera, J.P., Florio, Dickerson, Chambers and Lott, JJ., concur.