In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the County of Orange *723 appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated February 4, 2013, which granted the petition.
Ordered that the order is reversed, on the law, with costs, and the petition is denied.
Among the factors to be considered by a court in determining whether leave to serve a late notice of claim should be granted is whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or within a reasonable time thereafter, whether the petitioner had a reasonable excuse for the failure to serve a timely notice of claim, and whether the delay would substantially prejudice the municipality in maintaining its defense on the merits (see Matter of Vicari v Grand Ave. Middle School, 52 AD3d 838, 838-839 [2008]; Matter of Groves v New York City Tr. Auth., 44 AD3d 856 [2007]). While the presence or the absence of any one of the factors is not necessarily determinative (see Matter of Vicari v Grand Ave. Middle School, 52 AD3d at 839; Matter of Chambers v Nassau County Health Care Corp., 50 AD3d 1134 [2008]), whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance (see Matter of Gonzalez v City of New York, 60 AD3d 1058 [2009]; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147 [2008]).
Generally, the phrase “facts constituting the claim” is understood to mean the facts which would demonstrate a connection between the happening of the accident and any negligence on the part of the municipality (see Saafir v Metro-North Commuter R.R. Co., 260 AD2d 462 [1999]). The municipality must have notice or knowledge of the specific claim and not merely some general knowledge that a wrong has been committed (see Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.], 50 AD3d 830, 832 [2008]; Pappalardo v City of New York, 2 AD3d 699 [2003]).
The petitioner herein presented no evidence that the County of Orange obtained actual knowledge of the essential facts underlying the claim within 90 days of the alleged accident or within a reasonable time thereafter.
Moreover, the petitioner failed to provide a reasonable excuse for the failure to serve a timely notice of claim. Although one of the factors contained in General Municipal Law § 50-e (5) is “whether the claimant in serving a notice of claim made an excusable error concerning the identity of the public corporation against which the claim should be asserted,” the petitioner’s failure to ascertain the County’s ownership of the bus allegedly involved in the accident was due to a lack of due diligence in *724 investigating the matter (see Bridgeview at Babylon Cove Homeowners Assn., Inc. v Incorporated Vil. of Babylon, 41 AD3d 404, 405-406 [2007]; Matter of Nieves v Girimonte, 309 AD2d 753, 754 [2003]; see also Arias v New York City Hous. Auth., 40 AD3d 298, 299 [2007]; Jenkins v New York City Hous. Auth., 29 AD3d 319, 319-320 [2006]).
Finally, the petitioner failed to establish that the delay did not substantially prejudice the County’s ability to conduct its own independent investigation and defend the claim on the merits (see Matter of Landa v City of New York, 252 AD2d 525 [1998]; Matter of Deegan v City of New York, 227 AD2d 620 [1996]).
Accordingly, the Supreme Court should have denied the petition. Rivera, J.E, Hall, Roman and Cohen, JJ., concur.