In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, Connetquot Central School District appeals from an order of the Supreme Court, Suffolk County (Martin, J.), dated May 9, 2013, which granted the petition.
Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is denied.
In determining whether to grant leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider whether (1) the school district acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the injured child was an infant at the time the claim arose and, if so, whether there was a nexus between the infancy and the failure to serve a timely notice of claim, (3) the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (4) the school district was substantially prejudiced by the delay in its ability to maintain its defense on the merits (see Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; Williams v Nassau County Med. Ctr., 6 NY3d 531, 535 [2006]; Matter of Destine v City of New York, 111 AD3d 629 [2013]; Bazile v City of New York, 94 AD3d 929, 929-930 [2012]; Matter of Diggs v Board of Educ. of City of *791 Yonkers, 79 AD3d 869, 869-870 [2010]). Actual knowledge of the essential facts underlying the claim means “knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the [proposed] notice of claim; the public corporation need not have specific notice of the theory or theories themselves” (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 148 [2008]).
Here, the petitioner failed to demonstrate a reasonable excuse for the failure to serve a timely notice of claim and for the delay in filing the petition (see Matter of Bell v City of New York, 100 AD3d 990 [2012]). The petitioner’s ignorance of the law did not constitute a reasonable excuse (see Matter of Taylor v County of Suffolk, 90 AD3d 769, 770 [2011]; Meyer v County of Suffolk, 90 AD3d 720, 721 [2011]; Matter of Vicari v Grand Ave. Middle School, 52 AD3d 838, 839 [2008]). Furthermore, the petitioner failed to submit any medical evidence to support her allegations that she was more concerned and preoccupied with her daughter’s alleged injuries than with retaining an attorney or that she did not readily appreciate the severity of her daughter’s injuries (see Matter of Klass v City of New York, 103 AD3d 800, 801 [2013]; Matter of Taylor v County of Suffolk, 90 AD3d at 770; Matter of Aliberti v City of Yonkers, 302 AD2d 456 [2003]; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 151). In addition, the petitioner failed to explain the additional lapse of approximately two months between the time she served the late notice of claim without court authorization and the commencement of the instant proceeding, inter alia, to deem the late notice of claim timely served nunc pro tunc (see Matter of Destine v City of New York, 111 AD3d 629 [2013]; Matter of Gobardhan v City of New York, 64 AD3d 705, 706 [2009]; Matter of Camilleri v County of Suffolk, 190 AD2d 669 [1993]).
The petitioner also failed to demonstrate that the appellant obtained timely, actual knowledge of the essential facts constituting the claim that the appellant failed to properly instruct, supervise, monitor, and control students during school recess. The late notice of claim served upon the appellant approximately two months after the 90-day statutory period had elapsed did not provide the appellant with actual knowledge of the essential facts constituting the claim within a reasonable time after the expiration of the statutory period (see Matter of Valila v Town of Hempstead, 107 AD3d 813 [2013]). Furthermore, there was no evidence in the record to support the petitioner’s hearsay allegations that aides and teachers were aware that the students were “horsing around,” warned the *792 students to stop “horsing around,” and did nothing further to control the students’ behavior (see Matter of Keyes v City of New York, 89 AD3d 1086 [2011]). Moreover, the parent notification form prepared by the school’s nurse informing the parents of the incident was insufficient to apprise the appellant of the petitioner’s claim of negligent supervision (see Matter of Lewis v East Ramapo Cent. Sch. Dist., 110 AD3d 720 [2013]; Troy v Town of Hyde Park, 63 AD3d 913, 914 [2009]; Matter of Jantzen v Half Hollow Hills Cent. School Dist. No. 5, 56 AD3d 474, 475 [2008]).
The petitioner failed to submit evidence sufficient to rebut the appellant’s contention that the delay of approximately two months after the expiration of the 90-day period in serving the notice of claim and the additional delay of approximately two months in commencing this proceeding would substantially prejudice the appellant’s ability to conduct an investigation of the claim (see Matter of Destine v City of New York, 111 AD3d 629 [2013]; Godfrey v City of New Rochelle, 74 AD3d 1018, 1019 [2010]; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 152).
Accordingly, the Supreme Court should have denied the petition. Mastro, J.E, Balkin, Sgroi and Hinds-Radix, JJ., concur.