In a proceeding pursuant to General Municipal Law § 50-e (5) to deem a late notice of claim timely served nunc pro tune, the City of New York appeals from an order of the Supreme Court, Kings County (Landicino, J.), dated January 9, 2013, which granted the petition.
Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is denied.
In determining whether to deem a late notice of claim timely served nunc pro tune, the court must consider whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim and for the subsequent delay in seeking leave to serve a late notice of claim, and (3) the public corporation was substantially prejudiced by the delay in its ability to maintain its defense on the merits (see General Municipal Law § 50-e [5]; Williams v Nassau County Med. Ctr., 6 NY3d 531, 535 [2006]; Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d 790 [2014]; Matter of Destine v City of New York, 111 AD3d 629 [2013]).
Even if this Court were to excuse the petitioner’s initial one-month delay, after the expiration of the 90-day period, in serving a notice of claim, based upon her assertion that she was unaware of the severity of her left wrist injury (see Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 151 [2008]; Matter of Hursala v Seaford Middle School, 46 AD3d 892, 893 [2007]; Matter of Vitale v Elwood Union Free School Dist., 19 AD3d 610, 611 [2005]), the petitioner failed to demon *704 strate a reasonable excuse for the additional five-month delay between the time that the City disallowed the claim as untimely and the commencement of this proceeding (see Matter of Katsiouras v City of New York, 106 AD3d 916, 918 [2013]; Matter of Hill v New York City Tr. Auth., 68 AD3d 866, 867 [2009]; Matter of Smith v Baldwin Union Free School Dist., 63 AD3d 1078, 1079 [2009]).
Furthermore, the City did not acquire actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (see General Municipal Law § 50-e [1], [5]). The alleged defects indicated on a map filed with the New York City Department of Transportation by the Big Apple Pothole and Sidewalk Protection Corporation did not suffice to give the City actual knowledge of the essential facts underlying the petitioner’s present claim or her theory of liability against the City (see Matter of Bell v City of New York, 100 AD3d 990, 991 [2012]; Matter of Khalid v City of New York, 91 AD3d 779, 780 [2012]; Matter of Konstantinides v City of New York, 278 AD2d 235 [2000]). Moreover, the late notice of claim served upon the City, more than one month after the 90-day statutory period had elapsed, did not provide the City with actual knowledge of the essential facts constituting the claim within a reasonable time after the expiration of the statutory period (see Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d 790 [2014]; Matter of Valila v Town of Hempstead, 107 AD3d 813, 814 [2013]).
The City maintains that it did not conduct any investigation of this claim after it disallowed the claim as untimely. The petitioner failed to submit evidence sufficient to rebut the City’s contention that the delay of more than nine months between the time of the accident and the time of the commencement of this proceeding would substantially prejudice the City’s ability to conduct an investigation of the claim at this late date, given the transitory nature of the alleged sidewalk defect (see Matter of Bell v City of New York, 100 AD3d at 991; Matter of Valentine v City of New York, 72 AD3d 981, 982 [2010]). Hall, J.P, Austin, Sgroi and Duffy, JJ., concur.