In the Matter of KAMLA BHARGAVA, Respondent, v CITY OF NEW YORK, Appellant. [13 NYS3d 552]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the defendant appeals from an order of the Supreme Court, Richmond County (Aliotta, J.), dated April 9, 2014, which granted the petition.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.

In determining whether to grant leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the court must consider whether (1) the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3)

the municipality was substantially prejudiced by the delay in its ability to maintain its defense on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Murray v Village of Malverne*, 118 AD3d 798, 799 [2014]; *Matter of Valila v Town of Hempstead*, 107 AD3d 813, 814 [2013]; *Matter of Whittaker v New York City Bd. of Educ.*, 71 AD3d 776 [2010]). Actual knowledge of the essential facts underlying the claim means "knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the [proposed] notice of claim; the [municipality] need not have specific notice of the theory or theories themselves" (*Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 148 [2008]).

Here, the petitioner did not demonstrate a reasonable excuse for the failure to serve a timely notice of claim and for the delay in filing the petition (*see Matter of Hampson v Connetquot Cent. Sch. Dist.*, 114 AD3d 790, 791 [2014]; *Matter of Bell v City of New York*, 100 AD3d 990 [2012]). The petitioner's ignorance of the law did not constitute a reasonable excuse (*see Matter of Hampson v Connetquot Cent. Sch. Dist.*, 114 AD3d at 791; *Matter of Taylor v County of Suffolk*, 90 AD3d 769, 770 [2011]; *Meyer v County of Suffolk*, 90 AD3d 720, 721 [2011]). Furthermore, the petitioner failed to explain the additional lapse of two months between the time she served the late notice of claim without court authorization and the commencement of the instant proceeding, inter alia, to deem the late notice of claim timely served nunc pro tunc (*see Matter of Hampson v Connetquot Cent. Sch. Dist.*, 114 AD3d at 791; *Matter of Destine v City of New York*, 111 AD3d 629 [2013]; *Matter of Gobardhan v City of New York*, 64 AD3d 705, 706 [2009]).

The petitioner also failed to demonstrate that the respondent, the City of New York, obtained timely, actual knowledge of the essential facts constituting the claim. The incident report prepared by the City's Department of Parks and Recreation on the day of the accident did not provide the City with actual notice of the essential facts constituting the petitioner's claim that the City was negligent in allowing the boardwalk upon which the petitioner allegedly fell and sustained injuries to be operated, managed, controlled, and maintained in a dangerous and hazardous condition (*see Kuterman v City of New York*, 121 AD3d 646 [2014]; *Matter of Charles v City of New York*, 67 AD3d 793 [2009]; *Matter of Wright v City of New York*, 66 AD3d 1037, 1038 [2009]). Moreover, the late notice of claim served upon the City 45 days after the 90-day statutory period had elapsed was served too late to provide the City with actual knowledge of the essential facts constituting the claim within a

reasonable time after the expiration of the statutory period (*see Matter of Murray v Village of Malverne*, 118 AD3d at 799; *Matter of Sanchez v City of New York*, 116 AD3d 703, 704 [2014]; *Matter of Valila v Town of Hempstead*, 107 AD3d at 815).

The City maintains that it did not conduct any investigation of this claim prior to being served with the petition. The petitioner failed to rebut the City's contention that the 3½-month delay in commencing this proceeding, after the expiration of the 90-day statutory period, would substantially prejudice its ability to conduct an investigation of the claim (*see Matter of Stark v West Hempstead Union Free Sch. Dist.*, 127 AD3d 765 [2015]; *Peters-Heenpella v Wynn*, 105 AD3d 725, 726 [2013]; *Matter of Jackson v Newburgh Enlarged City School Dist.*, 85 AD3d 1031, 1032 [2011]).

Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc. Skelos, J.P., Hall, Sgroi and Barros, JJ., concur.