■ In the Matter of HAROLD BARRETT, Appellant, v VILLAGE OF WAPPINGERS FALLS, Respondent. [12 NYS3d 577]—

In a proceeding pursuant to General Municipal Law § 50-e (5), the petitioner appeals from an order of the Supreme Court, Dutchess County (Watson, J.), dated August 6, 2014, which denied his petition for leave to serve a late notice of claim upon the Village of Wappingers Falls.

Ordered that the order is affirmed, with costs.

"In determining whether to grant a petition for leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation

in its defense on the merits" (*Matter of Mitchell v City of New York*, 112 AD3d 940, 940 [2013]; *see Matter of Destine v City of New York*, 111 AD3d 629, 629 [2013]). "While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance" (*Matter of Placido v County of Orange*, 112 AD3d 722, 723 [2013] [citations omitted]; *see Matter of Gonzalez v City of New York*, 60 AD3d 1058, 1059 [2009]). The determination to grant leave to serve a late notice of claim lies within the sound discretion of the Supreme Court (*see Randolph v Westchester Med. Ctr.*, 122 AD3d 822, 823 [2014]).

Here, the petitioner failed to show that the Village of Wappingers Falls had actual knowledge of the essential facts constituting the claim within the requisite 90-day period or a reasonable time thereafter (*see Matter of Magana v Westchester County Health Care Corp.*, 89 AD3d 851, 852 [2011]; *Argueta v New York City Health & Hosps. Corp. [Coney Is. Hosp.]*, 74 AD3d 713, 713-714 [2010]). Although the petitioner asserted that the Mayor of the Village was on the property where the subject incident occurred at the time the incident occurred, the petitioner offered no evidence that the Village had actual knowledge of the essential facts constituting the potential claims against it (*see Matter of Snyder v County of Suffolk*, 116 AD3d 1052, 1054 [2014]; *Grasso v Nassau County*, 109 AD3d 579, 580 [2013]; *Matter of Anderson v Town of Oyster Bay*, 101 AD3d 708, 709 [2012]). The petitioner also failed to demonstrate a reasonable excuse for his failure to serve a timely notice of claim upon the Village. The petitioner's ignorance of the law did not constitute a reasonable excuse (*see Matter of Bell v City of New York*, 100 AD3d 990, 990 [2012]; *Matter of Taylor v County of Suffolk*, 90 AD3d 769, 770 [2011]).

Furthermore, the petitioner also failed to establish that the delay in serving his notice of claim would not substantially prejudice the Village's ability to maintain its defense on the merits (*see Matter of Lorseille v New York City Hous. Auth.*, 295 AD2d 612, 612 [2002]).

Accordingly, under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in denying the petition for leave to serve a late notice of claim upon the Village. Skelos, J.P., Hall, Roman and Duffy, JJ., concur.