■ In the Matter of WILLIAM ROMEO et al., Appellants, v LONG ISLAND POWER AUTHORITY, Respondent. [19 NYS3d 316]—

In proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Nassau County (Diamond, J.), dated October 2, 2013, which denied the petition.

Ordered that the order is affirmed, with costs.

In determining whether leave to serve a late notice of claim should be granted, a court must consider all relevant circumstances, including (1) whether the claimant demonstrated a reasonable excuse for failing to serve a timely notice of claim, (2) whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and (3) whether the delay would substantially prejudice the public corporation in maintaining a defense on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Barrett v Village of Wappingers Falls*, 130 AD3d 817 [2015]; *Matter of Rojas v New York City Health & Hosps. Corp.*, 127 AD3d 870, 872 [2015]; *Matter of Stark v West Hempstead Union Free Sch. Dist.*, 127 AD3d 765 [2015]; *Matter of Murray v Village of Malverne*, 118 AD3d 798, 799 [2014]). "While the presence or the absence of any one of the factors is not necessarily determinative . . . whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance" (*Matter of Iacone v Town of Hempstead*, 82 AD3d 888, 888-889 [2011]; *see Matter of Barrett v Village of Wappingers Falls*, 130 AD3d at 817). The determination of whether to grant leave to serve a late notice of claim is left to the sound discretion of the court (*see Matter of Barrett v Village of Wappingers Falls*, 130 AD3d at 817; *Matter of Rojas v New York City Health & Hosps. Corp.*, 127 AD3d at 872; *Matter of Vasquez v City of Newburgh*, 35 AD3d 621, 622 [2006]).

Generally, the phrase "facts constituting the claim" is understood to mean the facts which would demonstrate a connection between the happening of the accident and any negligence on the part of the public corporation (*see Matter of Placido v County of Orange*, 112 AD3d 722, 723 [2013]; *Matter of Wright v City of New York*, 66 AD3d 1037, 1038 [2009]). Here, the petitioners failed to demonstrate that the respondent had actual knowledge of the essential facts constituting their claim and not merely some general knowledge that a wrong had been committed (*see Brandi v City of New York*, 90 AD3d 751 [2011]; *Matter of Zaid v City of New York*, 87 AD3d 661, 663 [2011]; *Matter of Iacone v Town of Hempstead*, 82 AD3d at 889; *Matter of Wright v City of New York*, 66 AD3d at 1038).

Moreover, the petitioners failed to demonstrate a reasonable excuse for their failure to serve a timely notice of claim upon the respondent. The petitioners' ignorance of the law does not constitute a reasonable excuse (*see Matter of Bhargava v City of New York*, 130 AD3d 819 [2015]; *Matter of Barrett v Village of Wappingers Falls*, 130 AD3d at 817; *Matter of Hampson v Connetquot Cent. Sch. Dist.*, 114 AD3d 790, 791 [2014]), and their other proffered excuses were vague and conclusory.

The petitioners also failed to establish that the delay in serving a notice of claim would not substantially prejudice the respondent's ability to maintain its defense on the merits (*see Matter of Hampson v Connetquot Cent. Sch. Dist.*, 114 AD3d at 792; *Matter of Destine v City of New York*, 111 AD3d 629 [2013]; *Godfrey v City of New Rochelle*, 74 AD3d 1018, 1019 [2010]).

Accordingly, under the circumstances of this case, the Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim. Rivera, J.P., Balkin, Miller and Hinds-Radix, JJ., concur.