■ In the Matter of RENEE LAWHORNE, Respondent, v CITY OF NEW YORK, Appellant. [20 NYS3d 155]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to deem a late notice of claim timely served nunc pro tunc, the City of New York appeals from a judgment of the Supreme Court, Kings County (Baynes, J.), dated October 25, 2013, which granted the petition.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.

In determining whether to grant leave to deem a late notice of claim timely served nunc pro tunc, the court must consider whether (1) the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) the municipality was substantially prejudiced by the delay in its ability to maintain its defense on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Bhargava v City of New York*, 130 AD3d 819 [2015]; *Matter of Murray v Village of Malverne*, 118 AD3d 798, 799 [2014]; *Matter of Klass v City of New York*, 103 AD3d 800 [2013]). "While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance" (*Matter of Barrett v Village of Wappingers Falls*, 130 AD3d 817, 818 [2015] [internal quotation marks omitted]; *see Matter of Romeo v Long Is. Power Auth.*, 133 AD3d 667 [2d Dept 2015]; *Matter of Iacone v Town of Hempstead*, 82 AD3d 888, 888-889 [2011]).

Here, the petitioner failed to proffer any proof that the City acquired actual knowledge of the essential facts constituting the claim within 90 days of the incident or a reasonable time

thereafter (*see* General Municipal Law § 50-e [5]; *Williams v Nassau County Med. Ctr.*, 6 NY3d 531 [2006]).

Furthermore, the petitioner failed to demonstrate a reasonable excuse for her failure to serve a timely notice of claim. The petitioner's assertions that she mistakenly believed that another law firm which allegedly employed an unspecified investigator with whom she had spoken a few days after the accident was representing her and that she did not know that she had to serve a notice of claim upon the City were insufficient to excuse the failure to serve a timely notice of claim (*see Matter of Bruzzese v City of New York*, 34 AD3d 577, 578 [2006]; *Matter of Flores v County of Nassau*, 8 AD3d 377 [2004]; *Matter of Pico v City of New York*, 8 AD3d 287 [2004]). Moreover, the petitioner failed to rebut the City's assertion that the more than five-month delay between the expiration of the 90-day statutory period and the commencement of this proceeding would substantially prejudice its ability to conduct an investigation of the claim at this late date, given the transitory nature of the alleged sidewalk defect (*see Matter of Sanchez v City of New York*, 116 AD3d 703, 704 [2014]; *Matter of Bell v City of New York*, 100 AD3d 990, 991 [2012]; *Matter of Valentine v City of New York*, 72 AD3d 981, 982 [2010]).

Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding. Mastro, J.P., Hall, Sgroi and Duffy, JJ., concur.