■ LERIDA LUNA, Respondent, v CITY OF NEW YORK, Appellant. [31 NYS3d 180]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings

County (Baynes, J.), dated May 1, 2014, which denied its motion to dismiss the complaint for failure to serve a timely notice of claim pursuant to General Municipal Law § 50-e (5) and granted the plaintiff's motion for leave to serve a late notice of claim.

Ordered that the order is reversed, on the law, with costs, the defendant's motion to dismiss the complaint for failure to serve a timely notice of claim pursuant to General Municipal Law § 50-e (5) is granted, and the plaintiff's motion for leave to serve a late notice of claim is denied.

On April 18, 2012, the plaintiff allegedly was injured when she tripped and fell on a cracked or raised section of a sidewalk in Brooklyn. After the plaintiff commenced this action to recover damages for personal injuries, the defendant, the City of New York, moved to dismiss the complaint for failure to serve a timely notice of claim pursuant to General Municipal Law § 50-e (5). The plaintiff then moved by order to show cause for leave to serve a late notice of claim, noting that she had filed a prior order to show cause for the same relief which had been returned to her attorney's office for correction. The Supreme Court denied the City's motion and granted the plaintiff's motion for leave to serve a late notice of claim. We reverse.

In determining whether to grant leave to serve a late notice of claim, a court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the relevant facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (3) whether the delay would substantially prejudice the public corporation in maintaining a defense on the merits (see General Municipal Law § 50-e [5]; *Matter of Fernandez v City of New York*, 131 AD3d 532, 533 [2015]; *Matter of Bhargava v City of New York*, 130 AD3d 819, 820 [2015]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147 [2008]). "While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance" (*Matter of Iacone v Town of Hempstead*, 82 AD3d 888, 888-889 [2011] [citations omitted]; *see Matter of Romeo v Long Is. Power Auth.*, 133 AD3d 667, 668 [2015]).

Here, the City did not acquire actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter. The plaintiff

submitted no evidence that the City had any knowledge of her accident, her injuries, or the facts underlying her theory of liability prior to the commencement of this action in 2013 (*see Matter of Abramovitz v City of New York*, 99 AD3d 1000, 1001 [2012]; *Matter of Khalid v City of New York*, 91 AD3d 779, 780 [2012]). Contrary to the plaintiff's contention, the alleged sidewalk defects indicated on a map filed with the New York City Department of Transportation by the Big Apple Pothole and Sidewalk Protection Corporation, approximately eight years prior to her accident, did not give the City actual knowledge of the essential facts constituting her claim (*see Matter of Sanchez v City of New York*, 116 AD3d 703, 704 [2014]; *Matter of Bell v City of New York*, 100 AD3d 990, 991 [2012]; *Matter of Khalid v City of New York*, 91 AD3d at 780).

The plaintiff also failed to demonstrate a reasonable excuse for her failure to serve a timely notice of claim (*see Matter of Morris v City of New York*, 132 AD3d 997, 998 [2015]; *Grasso v Nassau County*, 109 AD3d 579, 580 [2013]; *Peters-Heenpella v Wynn*, 105 AD3d 725, 726 [2013]), or that her delay in serving a notice of claim would not substantially prejudice the City in maintaining a defense on the merits (*see Matter of Romeo v Long Is. Power Auth.*, 133 AD3d at 669; *Matter of Bell v City of New York*, 100 AD3d at 991).

Accordingly, the Supreme Court should have granted the City's motion to dismiss the complaint for failure to serve a timely notice of claim pursuant to General Municipal Law § 50-e (5) and denied the plaintiff's motion for leave to serve a late notice of claim. Eng, P.J., Hall, Sgroi and Duffy, JJ., concur.