In the Matter of DEVORAH RONNESS, Appellant, v CITY OF NEW YORK, Respondent. [55 NYS3d 450]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Kings County (Genovesi, J.), dated November 13, 2015, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the order is affirmed, with costs.

On December 4, 2014, the petitioner allegedly was injured when she tripped and fell over a tree well in Brooklyn. The petitioner belatedly served a notice of claim on the City of New York on May 19, 2015, and thereafter commenced this proceeding for leave to serve a late notice of claim, or to deem her late notice of claim timely served nunc pro tunc. The Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.

In determining whether to grant leave to serve a late notice of claim, a court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the relevant facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant demonstrated a reasonable excuse for the fail-

ure to serve a timely notice of claim, and (3) the delay would substantially prejudice the public corporation in maintaining a defense on the merits (*see* General Municipal Law § 50-e [5]; *Luna v City of New York*, 139 AD3d 818, 819 [2016]; *Matter of Fernandez v City of New York*, 131 AD3d 532, 533 [2015]; *Matter of Bhargava v City of New York*, 130 AD3d 819, 820 [2015]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147 [2008]). "While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance" (*Matter of Iacone v Town of Hempstead*, 82 AD3d 888, 888-889 [2011] [citations omitted]; *see Matter of Romeo v Long Is. Power Auth.*, 133 AD3d 667, 668 [2015]).

Here, the Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim or to deem the petitioner's late notice of claim timely served nunc pro tunc. The petitioner did not demonstrate that the City obtained timely, actual knowledge of the essential facts constituting the claim. The late notice of claim, served upon the City 76 days after the 90-day statutory period had elapsed, was served too late to provide the City with actual knowledge of the essential facts constituting the claim within a reasonable time after the expiration of the statutory period (*see Matter of Bhargava v City of New York*, 130 AD3d at 820-821; *Matter of Sanchez v City of New York*, 116 AD3d 703, 704 [2014]; *Matter of Hampson v Connetquot Cent. Sch. Dist.*, 114 AD3d 790, 791 [2014]; *Matter of Valila v Town of Hempstead*, 107 AD3d 813, 814 [2013]).

The petitioner also failed to demonstrate a reasonable excuse for her failure to serve a timely notice of claim (*see Matter of Maggio v City of New York*, 137 AD3d 1282, 1283 [2016]; *Matter of Bell v City of New York*, 100 AD3d 990 [2012]; *Matter of Wright v City of New York*, 99 AD3d 717, 718 [2012]; *Matter of Valentine v City of New York*, 72 AD3d 981, 982 [2010]; *Matter of Portnov v City of Glen Cove*, 50 AD3d 1041, 1042-1043 [2008]). Finally, the petitioner failed to make an initial showing that her delay in serving a notice of claim would not substantially prejudice the City in maintaining a defense on the merits (*see Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 456-457 [2016]; *Matter of Ramos v Board of Educ. of the City of N.Y.*, 148 AD3d 909 [2017]).

Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding. Mastro, J.P., Dillon, Roman and Brathwaite Nelson, JJ., concur.