Matter of Degraffe v New York City Tr. Auth. (2018 NY Slip Op 02779)





Matter of Degraffe v New York City Tr. Auth.


2018 NY Slip Op 02779


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-12584
 (Index No. 509830/16)

[*1]In the Matter of Abad Degraffe, appellant, 
v
New York City Transit Authority, et al., respondents.


Sacco & Fillas, LLP, Astoria, NY (James R. Baez of counsel), for appellant.
Lawrence Heisler, Brooklyn, NY (Harriet Wong of counsel), for respondents.



DECISION & ORDER
In a proceeding for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), dated August 5, 2016. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
A party seeking to sue a public corporation generally must serve a notice of claim on the public corporation within 90 days after the claim arises (see General Municipal Law § 50-e[1][a]; Public Authorities Law § 1212[2]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460). However, a court, in its discretion, may extend the time for a petitioner to serve a notice of claim (see General Municipal Law § 50-e[5]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 465). "In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, [the] court must consider all relevant circumstances, including whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the delay would substantially prejudice the public corporation in its defense, and whether the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim" (Matter of Weaver v City of New York, 138 AD3d 873, 874; see General Municipal Law § 50-e[5]; Williams v Nassau County Med. Ctr., 6 NY3d 531, 535; Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 999-1000; Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d 909, 910).
"While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance" (Matter of Iacone v Town of Hempstead, 82 AD3d 888, 888-889 [citations omitted]; see Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147). "The determination of an application for leave to serve a late notice of claim is left to the sound discretion of the court" (Matter of Vasquez v City of Newburgh, 35 AD3d 621, 623; see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 465).
Here, contrary to the petitioner's contention, he failed to establish that the respondents received actual knowledge of the essential facts constituting the claim within 90 days after the claim [*2]arose or a reasonable time thereafter. The mere alleged existence of certain reports and other records, without evidence of their content, is insufficient to impute actual knowledge to the respondents (see Matter of Fethallah v New York City Police Dept., 150 AD3d at 1000; Matter of Hamilton v City of New York, 145 AD3d 784, 785). Furthermore, the petitioner failed to provide a reasonable excuse for his failure to serve a timely notice of claim (see Matter of Bhargava v City of New York, 130 AD3d 819, 820; Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d 790, 791). Finally, the petitioner failed to present "some evidence or plausible argument" supporting a finding that the respondents were not substantially prejudiced by the delay (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; Matter of Fethallah v New York City Police Dept., 150 AD3d at 1001).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and, in effect, dismissing the proceeding.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court