"Jane Doe," v Taylor (2018 NY Slip Op 05573)





"Jane Doe," v Taylor


2018 NY Slip Op 05573


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-01282
 (Index Nos. 30854/15, 32076/15)

[*1]"Jane Doe," etc., appellant, 
v
Kimberly Taylor, et al., respondents. (Matter No. 1)
In the Matter of "Jane Doe," etc., appellant,
v
Kimberly Taylor, et al., respondents. (Matter No. 2)


The Ahearne Law Firm, PLLC, Warwick, NY (Allan J. Ahearne, Jr., of counsel), and Slavin & Slavin, New York, NY (Barton L. Slavin of counsel), for appellant (one brief filed).
Lemire, Johnson & Higgins, LLC, Malta, NY (Gregg T. Johnson and Bradley J. Stevens of counsel), and Greenberg Wanderman & Fromson, Nanuet, NY (Stephen M. Fromson of counsel), for respondents (one brief filed).



DECISION & ORDER
In an action to recover damages for personal injuries, and a related proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, "Jane Doe," the plaintiff in Matter No. 1 and the petitioner in Matter No. 2, appeals from an order of the Supreme Court, Rockland County (Victor J. Alfieri, Jr., J.), dated January 29, 2016. The order, insofar as appealed from, denied the petition in Matter No. 2 and granted the motion of the defendants in Matter No. 1 to dismiss the complaint for failure to timely serve a notice of claim.
ORDERED that the order is affirmed insofar as appealed from, with costs.
"Jane Doe," the plaintiff in Matter No. 1 and the petitioner in Matter No. 2 (hereinafter the plaintiff), alleges that Kimberly Taylor, the principal of the Hilltop Schoo,l where the plaintiff's child had been placed in an Intensive Day Treatment (hereinafter IDT) program, physically assaulted and verbally demeaned the child during an encounter in the school's hallway on February 28, 2014. On or about February 19, 2015, the plaintiff served a notice of claim dated February 13, 2015, on Taylor's employer, the Rockland County Board of Cooperative Educational Services (hereinafter Rockland BOCES), and thereafter commenced an action to recover damages for personal injuries against Taylor and Rockland BOCES (hereinafter together the defendants) on or about March 6, 2015. The defendants moved to dismiss the complaint, inter alia, for failure to serve a timely notice of claim. The plaintiff opposed the motion and, on or about May 13, 2015, commenced a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem served nunc pro tunc the notice of claim served on or about February 19, [*2]2015. In the order appealed from, the Supreme Court, inter alia, denied the petition and granted the defendants' motion to dismiss the complaint. The plaintiff appeals.
In determining whether to grant leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, a court must consider whether (1) the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the accrual of the claim or within a reasonable time thereafter, (2) the claimant was an infant at the time the claim arose and, if so, whether there was a nexus between the claimant's infancy and the delay in service of a notice of claim, (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (4) the municipality was substantially prejudiced by the delay in its ability to maintain its defense on the merits (see General Municipal Law § 50-e[5]; Matter of Bhargava v City of New York, 130 AD3d 819; Matter of Murray v Village of Malverne, 118 AD3d 798). Actual knowledge of the essential facts constituting the claim means "knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the [proposed] notice of claim; the [municipality] need not have specific notice of the theory or theories themselves" (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 148).
Contrary to the plaintiff's contention, the direct involvement of Taylor, Rockland BOCES's employee, in the incident itself, without more, is not sufficient to establish that the defendants had actual knowledge of the essential facts constituting the claim (see Matter of D'Agostino v City of New York, 146 AD3d 880; Matter of Thill v North Shore Cent. Sch. Dist., 128 AD3d 976). Here, there was no incident report by the defendants or record by any individual or entity provided to the defendants that described the facts underlying the legal theories on which liability is predicated.
The plaintiff also failed to proffer a reasonable excuse for the failure to timely serve a notice of claim. The plaintiff's proffered excuses were conclusory or contradicted by the record (see Matter of Romeo v Long Is. Power Auth., 133 AD3d 667; Matter of Fouto v City of Yonkers, 83 AD3d 708; Matter of Julie F. v City of New York, 50 AD3d 794). Furthermore, while infancy is a factor to be considered in determining whether to grant leave to serve a later notice of claim, the lack of a causal nexus between the infancy and the delay in service of the late notice of claim herein is a factor militating against granting leave (see Williams v Nassau County Med. Ctr., 6 NY3d 531, 538; Matter of Felice v Eastport/South Manor Cent. Sch. Dist., 50 AD3d at 151-152).
The plaintiff also did not make an initial showing that the failure to timely serve the notice of claim would not substantially prejudice the defendants' ability to defend against the claim (see generally Matter of Newcomb v Middle County Cent. Sch. Dist., 28 NY3d 455). The defendants did not have the opportunity to conduct any physical or mental health examinations of the child or to photograph or record his alleged physical injuries at or near the time of the incident.
The plaintiff's remaining contention is without merit.
ROMAN, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court