Matter of Bermudez v City of New York (2018 NY Slip Op 08477)





Matter of Bermudez v City of New York


2018 NY Slip Op 08477


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2017-06363
 (Index No. 520272/16)

[*1]In the Matter of Glenda Bermudez, respondent,
v
City of New York, appellant.


Zachary W. Carter, Corporation Counsel, New York, NY (Scott Shorr, Susan P. Greenberg, and Devin Slack of counsel), for appellant.
Shearer P.C., Locust Valley, NY (Mark G. Vaughan and Doug Shearer of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) to deem a late notice of claim timely served nunc pro tunc, the City of New York appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated April 20, 2017. The order granted the petition.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.
On March 27, 2016, the petitioner allegedly tripped and fell on a defect in a crosswalk in Brooklyn. Approximately eight months later, she served a notice of claim upon the City of New York and commenced this proceeding pursuant to General Municipal Law § 50-e(5) to deem her late notice of claim timely served nunc pro tunc. Annexed to her papers were two photographs of the defect, which her attorney characterized as having been taken "shortly after" the accident, two additional photographs from an internet map service depicting the subject crosswalk in 2013 and 2014, and another group of photographs of the same area taken in November 2016 at the direction of the petitioner's attorney. The Supreme Court granted the petition, and the City appeals.
Timely service of a notice of claim is a condition precedent to a lawsuit sounding in tort against a municipal entity (see Matter of Ruiz v City of New York, 154 AD3d 945, 946; Matter of Zaid v City of New York, 87 AD3d 661, 662). Pursuant to General Municipal Law § 50-e(5), in determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the claimant demonstrated a reasonable excuse for failing to timely serve the notice, (2) the municipal entity acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay in seeking leave would substantially prejudice the municipal entity in its ability to defend against the action (see Matter of D'Agostino v City of New York, 146 AD3d 880; Ramirez v City of New York, 139 AD3d 695). Neither the presence nor absence of any one factor is determinative, although it is generally recognized that the question of whether the municipality timely acquired actual knowledge is of great importance (see Matter of Jaffier v City of New York, 148 AD3d 1021, 1022; Matter of Corwin v City of New York, 141 AD3d 484, 489; Matter of Lawhorne v City of New [*2]York, 133 AD3d 856).
We agree with the Supreme Court's determination that the petitioner failed to demonstrate a reasonable excuse for her failure to timely serve the notice of claim. Although the petitioner's attorney alleged that the petitioner suffered injuries as a result of her fall, the petitioner submitted no medical evidence in support of her petition, nor did she otherwise medically substantiate that her injuries prevented her from making timely service (see Matter of Cuccia v Metropolitan Transp. Auth., 150 AD3d 849, 850; Matter of Klass v City of New York, 103 AD3d 800, 801; Matter of Scolo v Central Islip Union Free School Dist., 40 AD3d 1104, 1106).
However, we disagree with the Supreme Court's determination that the City acquired actual knowledge of the essential facts constituting the claim within 90 days of the accident or a reasonable time thereafter. While the photographs submitted in support of the petition may have demonstrated that the City had prior knowledge of the crosswalk defect, actual knowledge of the defect is not tantamount to actual knowledge of the facts constituting the claim, since the City was not aware of the petitioner's accident, her injuries, and the facts underlying her theory of liability (see Luna v City of New York, 139 AD3d 818, 819-820; Matter of Sanchez v City of New York, 116 AD3d 703, 704; Andrews v Long Is. R.R., 110 AD3d 653, 653-654; Matter of Bell v City of New York, 100 AD3d 990, 991; Matter of Khalid v City of New York, 91 AD3d 779, 780). Similarly, the service of the notice of claim approximately five months after the expiration of the 90-day statutory period for service did not provide the City with the requisite actual knowledge within a reasonable time (see e.g. Matter of Ronness v City of New York, 151 AD3d 976, 977; Matter of Bhargava v City of New York, 130 AD3d 819, 820).
We also disagree with the Supreme Court's determination, based on the photographs submitted by the petitioner, that she sustained her burden of demonstrating that the City would not be substantially prejudiced by the late notice. The petitioner contended that the photographic evidence showed that the defective condition was substantially the same in appearance at the time of her accident as it was some eight months later when her petition was served. However, the photographs purportedly taken "shortly after" the accident were never authenticated (see Matter of Bramble v New York City Dept. of Educ., 125 AD3d 856, 859), nor did the petitioner identify the actual date the photographs were taken or the person who took them. Moreover, the more recent photographs were taken at different angles than the earlier photos, and neither set of images contained any measurements or dimensions to support the conclusion that a comparison of the two sets of photographs established that the defect did not change in the interim (see generally Ramirez v City of New York, 139 AD3d at 696; Matter of Lawhorne v City of New York, 133 AD3d at 857; Matter of Khalid v City of New York, 91 AD3d at 780; Matter of Papayannakos v Levittown Mem. Special Educ. Ctr., 38 AD3d 902, 903). Thus, the petitioner did not sustain her initial burden of presenting "some evidence or plausible argument" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466) that the City would not be substantially prejudiced by the late notice of claim (see Kelly v City of New York, 153 AD3d 1388).
Accordingly, the Supreme Court improvidently exercised its discretion in granting the petition to deem the late notice of claim timely served nunc pro tunc.
MASTRO, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court