Charlot v City of New York (2024 NY Slip Op 03161)

Charlot v City of New York

2024 NY Slip Op 03161

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-04626
 (Index No. 701804/22)

[*1]Michee Charlot, appellant, 
v
City of New York, et al., respondents.

Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Dean L. Pillarella of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered June 6, 2022. The order denied the plaintiff's motion pursuant to General Municipal Law § 50-e(5) for leave to deem late notices of claim timely served nunc pro tunc and granted the defendants' cross-motion pursuant to CPLR 3211(a) to dismiss the complaint for failure to timely serve notices of claim.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured in a construction site accident that occurred on December 8, 2020. The plaintiff served notices of claim upon the defendants in June 2021. The defendants rejected the notices of claim as untimely. In January 2022, the plaintiff commenced this action to recover damages for personal injuries, alleging, inter alia, violations of Labor Law §§ 200, 240(1) and 241(6). On or about April 27, 2022, the plaintiff moved pursuant to General Municipal Law § 50-e(5) for leave to deem the notices of claim timely served nunc pro tunc. The defendants cross-moved pursuant to CPLR 3211(a) to dismiss the complaint for failure to timely serve notices of claim. The Supreme Court denied the plaintiff's motion and granted the defendants' cross-motion. The plaintiff appeals.
General Municipal Law § 50-e(1)(a) requires service of a notice of claim within 90 days after the claim arises as a condition precedent to commencement of a tort action against a municipal corporation. General Municipal Law § 50-e(5) authorizes a court, in its discretion, to extend that period of time. In determining whether to grant the extension, the statute directs the court to consider, "in particular, whether the public corporation . . . acquired actual knowledge of the essential facts constituting the claim within the [90-day period] or within a reasonable time thereafter," and to "consider all other relevant facts and circumstances, including . . . whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits" (id.). Other relevant factors include whether the claimant set forth a reasonable excuse for the failure to serve a timely notice of claim (see Matter of Salazar v City of New York, 212 AD3d 633, 634; Matter of Bermudez v City of New York, 167 AD3d 733, 734). "While the presence or the absence of any one of the factors is not necessarily determinative, [*2]whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance" (Matter of Placido v County of Orange, 112 AD3d 722, 723 [citations omitted]; see Parker v City of New York, 206 AD3d 936, 938; Matter of Joy v County of Suffolk, 89 AD3d 1025, 1026).
Here, the plaintiff failed to provide a reasonable excuse for the failure to serve timely notices of claim upon the defendants. The plaintiff's assertion that he was not aware of a potential cause of action against the defendants was insufficient to demonstrate such reasonable excuse (see Matter of Murnane v New York City Sch. Constr. Auth., 164 AD3d 506, 507; Matter of Romeo v Long Is. Power Auth., 133 AD3d 667, 669). The plaintiff also failed to proffer any explanation for the additional delay of approximately seven months between the service of the late notices of claim and the filing of his motion for leave to deem the notices of claim timely served nunc pro tunc (see Kelly v City of New York, 153 AD3d 1388, 1389; Kuterman v City of New York, 121 AD3d 646, 647).
Moreover, the plaintiff failed to establish that the defendants received timely, actual knowledge of the essential facts constituting the claim (see Matter of St. Hilaire v New York City Hous. Auth., 216 AD3d 645, 648; Matter of Robinson v City of New York, 208 AD3d 587, 588).
The plaintiff also failed to sustain his initial burden of presenting "some evidence or plausible argument" that granting the motion would not substantially prejudice the defendants in maintaining their defense on the merits (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; see Matter of Galicia v City of New York, 175 AD3d 681, 684; Matter of Moroz v City of New York, 165 AD3d 799, 800).
In light of our determination, we do not reach the defendants' remaining contentions.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court